RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
55 Jericho Turnpike, Suite 205
Jericho, NY 11753
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
Danielle Buteau,

Plaintiff,

-against-

**COMPLAINT**
Case No.: 26-6492

TFS NY, Inc. d/b/a Sugardaddy's,
Frank Malatesta, and
Nyyce Amed,

Defendants.
--------------------------------------------------------------X

Plaintiff, DANIELLE BUTEAU ("Plaintiff"), by counsel, Raymond Nardo, P.C., upon personal knowledge as to herself and upon information and belief as to all other matters, complaining of defendants, TFS NY, INC. d/b/a SUGARDADDY'S, FRANK MALATESTA, and NYYCE AMED, jointly and severally (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid minimum wages, unlawful deductions from wages, misappropriated gratuities, liquidated damages, statutory damages, and other monies under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* and § 650 *et seq.* ("NYLL").

2. For more than five years, Defendants ran Sugardaddy's, an adult entertainment club in Long Island City, on the labor of exotic dancers they refused to pay. Defendants paid Plaintiff nothing. Not one dollar in wages, for any hour, in any week.

3. Defendants went further. They made Plaintiff pay them. Every shift, Defendants charged Plaintiff a "house fee" of $80 to $125 for the privilege of working, with the fee rising the later she arrived. And when customers tipped Plaintiff, Defendants let her keep only the money that landed on the stage. Every dollar that landed on the floor went to the Club's bartenders.

4. Defendants treated Plaintiff as an independent contractor to evade their obligations under federal and state wage law. Plaintiff was an employee. Defendants controlled when she arrived, when she could leave, which days she could work, what she wore, how she performed, and what money she was allowed to keep.

**JURISDICTION**

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367, because those claims form part of the same case or controversy.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because the corporate Defendant resides in this District, and a substantial part of the events and omissions giving rise to the claims occurred in this District, in Queens County.

## THE PARTIES

**Plaintiff**

8. Plaintiff DANIELLE BUTEAU is an individual residing in Bronx County, New York.

9. Defendants employed Plaintiff as an exotic dancer at Sugardaddy's from on or about June 27, 2021 through on or about August 18, 2026.

10. Plaintiff's duties consisted of performing exotic dances for the Club's customers.

11. Defendants employed Plaintiff four days per week, from approximately 11:30 p.m. until approximately 4:00 a.m. each shift, or approximately 18 hours per week.

12. Defendants paid Plaintiff no wages for any hour she worked.

13. Plaintiff was not exempt from the minimum wage provisions of the FLSA or the NYLL.

14. At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the FLSA and the NYLL.

**Defendants**

15. Upon information and belief, Defendant TFS NY, INC. d/b/a SUGARDADDY'S ("Sugardaddy's" or the "Club") is a New York corporation with its principal place of business located at 51-07 27th Street, Long Island City, New York 11101, in the County of Queens.

16. Sugardaddy's operates an adult entertainment club at that address, featuring exotic dancers who perform for the Club's customers.

17. Sugardaddy's is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1). Sugardaddy's has (1) employees engaged in commerce or in the production of goods for commerce, and employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person,

including alcohol, soda, napkins, silverware, tables, chairs, and computers; and (2) upon information and belief, an annual gross volume of sales made or business done of not less than $500,000.

18. Sugardaddy's is a covered employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

19. Defendant FRANK MALATESTA ("Malatesta") is the owner of Sugardaddy's. Malatesta controls every aspect of the Club's operations, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and set the Club's pay practices. At all relevant times, Malatesta established and exercised authority over Defendants' employment and pay practices, including the house fees, the rules imposed on dancers, and the other policies described in this Complaint, and is Plaintiff's employer under the FLSA and the NYLL.

20. Defendant NYYCE AMED ("Amed") is a manager of Sugardaddy's. Amed hired Plaintiff, assigned Plaintiff's work, set the days she was permitted to work, and hired and fired the Club's dancers.

21. Amed was Plaintiff's employer in fact. At all relevant times, Amed exercised day-to-day control, oversight, and direction over Plaintiff's work and the terms and conditions of her employment, and is Plaintiff's employer under the FLSA and the NYLL.

22. The business activities of Defendants are related and performed through unified operation or common control for a common business purpose, and constitute an enterprise, or joint employer, within the meaning of the FLSA.

**PLAINTIFF WAS DEFENDANTS' EMPLOYEE**

23. Defendants treated Plaintiff as an independent contractor. She was not. Under the economic realities of the relationship, Plaintiff was economically dependent on Defendants and was their employee.

24. Defendants controlled the manner and means of Plaintiff's work. Defendants required Plaintiff to arrive before midnight, to work a minimum of four days per week, and to remain at the Club until at least 3:00 a.m. Defendants suspended dancers who worked fewer than four days per week or who left before 3:00 a.m.

25. Defendants, not Plaintiff, decided which days she could work. Amed told Plaintiff that she could work only on certain days, claiming that too many dancers were already scheduled on the other days. That was not true. Plaintiff had no ability to set her own schedule.

26. Defendants required Plaintiff to dance in an outfit, to perform topless on stage, and to perform pole dancing on Defendants' stage.

27. Defendants controlled the money Plaintiff earned. Defendants permitted dancers to keep only the money that landed on the stage, barred dancers from keeping any money that landed on the floor, and gave the floor money to the Club's bartenders.

28. Defendants required Plaintiff to perform on Defendants' stage, using Defendants' property, Defendants' music, and Defendants' DJ.

29. Defendants provided the premises, the stage, the lights, the music, the DJ, the dressing room facilities, and the customers. Plaintiff provided none of them.

30. Plaintiff made no investment in the Club and did not contribute money to the maintenance of the Club.

31. Plaintiff lacked any meaningful opportunity for profit or loss. Her earnings depended on the customers Defendants brought through the door, during the hours Defendants dictated, on the premises Defendants controlled, under rules Defendants imposed.

32. Plaintiff's work required no special skill, and Defendants did not require Plaintiff to have any training.

33. The Club's House Mom collected the house fees from the dancers on Defendants' behalf.

34. Plaintiff's relationship with Defendants was continuous and indefinite, spanning more than five years.

35. Exotic dancing is not incidental to Defendants' business. It is Defendants' business. Without exotic dancers, Sugardaddy's has nothing to sell, and the dancers' work is integral to the Club's operation.

**DEFENDANTS' FAILURE TO PAY MINIMUM WAGE**

36. Defendants paid Plaintiff no wages for any hour she worked, in violation of the minimum wage provisions of the FLSA and the NYLL.

37. Defendants compounded the violation by requiring Plaintiff to pay Defendants a house fee of $80 to $125 each shift, which escalated depending on the time she reported to work. These payments were unlawful kickbacks that drove Plaintiff's compensation further below the minimum wage. 29 C.F.R. § 531.35.

38. Gratuities paid to Plaintiff by customers are not wages paid by Defendants and cannot be credited toward Defendants' minimum wage obligations.

39. Defendants never informed Plaintiff of the tip credit provisions of the FLSA or the NYLL, and never provided Plaintiff with written notice of any tip credit, as required by 29 U.S.C. § 203(m)(2)(A) and 12 N.Y.C.R.R. § 146-2.2. Defendants are not entitled to take any tip credit against Plaintiff's wages.

40. Upon information and belief, Defendants failed to make, keep, and preserve accurate records of the hours Plaintiff worked, as required by 29 U.S.C. § 211(c) and NYLL § 661.

41. Defendants knew that their pay practices violated the FLSA and the NYLL, or showed reckless disregard for whether they did.

## DEFENDANTS' VIOLATIONS OF THE WAGE THEFT PREVENTION ACT

42. The NYLL and the Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates at the time of hire.

43. Defendants failed to furnish Plaintiff with a wage notice as required by NYLL § 195(1).

44. The NYLL and the Wage Theft Prevention Act require employers to provide all employees with an accurate statement accompanying every payment of wages, listing the name, address, and phone number of the employer, the rate or rates of pay, the hours worked, gross wages, deductions, net wages, and other information.

45. Defendants failed to furnish Plaintiff with accurate wage statements as required by NYLL § 195(3).

46. Defendants' failure to provide wage notices and wage statements caused Plaintiff concrete injury. Defendants never informed Plaintiff in writing of her rate of pay, her entitlement to the minimum wage, the hours she worked, or the deductions Defendants took, which deprived Plaintiff of the information she needed to recognize that she was being underpaid and to identify the amounts owed.

47. Because Plaintiff never received the notices and statements the law requires, Defendants were able to pay Plaintiff nothing, and to extract house fees from her, for more than five years. The violations deprived Plaintiff of wages for a longer period of time than if she had received the required notices and statements, and impaired her ability to advocate for her wages under the FLSA and the NYLL.

48. Defendants' failure to provide wage statements also left Plaintiff with no documentation of her employment or her earnings. As a result, Plaintiff could not apply for credit cards.

**DEFENDANTS' MISAPPROPRIATION OF GRATUITIES**

49. Customers tipped Plaintiff for her performances by throwing money to her while she danced.

50. Defendants permitted Plaintiff to keep only the money that landed on the stage. Defendants took the money that landed on the floor, which customers intended as gratuities for Plaintiff, and gave it to the Club's bartenders.

51. Plaintiff never agreed to share her gratuities with the bartenders, and received nothing in return.

**DEFENDANTS' UNLAWFUL DEDUCTIONS FROM WAGES**

52. NYLL § 193 prohibits employers from making any deduction from an employee's wages, or from making any charge against wages or requiring an employee to make any payment by separate transaction, except as expressly permitted by law.

53. Defendants required Plaintiff to pay a house fee of $80 to $125 each shift, which escalated depending on the time she reported to work.

54. None of these charges was authorized by law, made for Plaintiff's benefit, or permitted under NYLL § 193.

**FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act – Unpaid Minimum Wage)**

55. Plaintiff realleges and incorporates by reference all previous allegations as though fully set forth herein.

56. At all relevant times, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e).

57. At all relevant times, Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d), engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s).

58. Defendants failed to pay Plaintiff the minimum wage to which she is entitled under 29 U.S.C. § 206.

59. Defendants' violations of the FLSA were willful and intentional. Defendants knew, or showed reckless disregard for whether, the practices described in this Complaint were unlawful.

60. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

61. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

62. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied the minimum wage in amounts to be determined at trial, and is entitled to recover such amounts, an equal amount as liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**(New York Labor Law – Unpaid Minimum Wage)**

63. Plaintiff realleges and incorporates by reference all previous allegations as though fully set forth herein.

64. At all relevant times, Plaintiff was an employee of Defendants, and Defendants were Plaintiff's employers, within the meaning of NYLL §§ 190, 651, and 652, and the supporting New York State Department of Labor Regulations.

65. Defendants failed to pay Plaintiff the minimum wage to which she is entitled under NYLL § 652 and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

66. Defendants engaged in a pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

67. Through their knowing or intentional failure to pay Plaintiff the minimum wage, Defendants willfully violated NYLL Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

68. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest pursuant to NYLL §§ 198(1-a) and 663(1).

**THIRD CAUSE OF ACTION**
**(New York Labor Law – Failure to Provide Wage Notices)**

69. Plaintiff realleges and incorporates by reference all previous allegations as though fully set forth herein.

70. Defendants willfully failed to supply Plaintiff with a wage notice, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as her primary language, containing her rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

71. Through their knowing or intentional failure to provide Plaintiff with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, § 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

72. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of $50 for each work day that the violation occurred, up to a maximum of $5,000, plus reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-b).

**FOURTH CAUSE OF ACTION**
**(New York Labor Law – Failure to Provide Wage Statements)**

73. Plaintiff realleges and incorporates by reference all previous allegations as though fully set forth herein.

74. Defendants willfully failed to supply Plaintiff with an accurate statement of wages with every payment of wages, as required by NYLL § 195(3), listing the dates of work covered by that payment of wages; the name of the employee; the name of the employer; the address and phone number of the employer; the rate or rates of pay and basis thereof; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of hours worked; and net wages.

75. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants willfully violated NYLL Article 6, § 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

76. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from Defendants statutory damages of $250 for each work day that the violation occurred, up to a maximum of $5,000, plus reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

**FIFTH CAUSE OF ACTION**
**(New York Labor Law § 193 – Unlawful Deductions from Wages)**

77. Plaintiff realleges and incorporates by reference all previous allegations as though fully set forth herein.

78. NYLL § 193 prohibits Defendants from making any deduction from Plaintiff's wages, or requiring Plaintiff to make any payment by separate transaction, except as expressly permitted by law.

79. Defendants required Plaintiff to pay a house fee of $80 to $125 each shift, which escalated depending on the time she reported to work.

80. These deductions and forced payments are prohibited and unlawful under NYLL § 193.

81. Due to Defendants' willful violations of NYLL Article 6, Plaintiff is entitled to recover from Defendants, jointly and severally, the full amount of the unlawful deductions and payments, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest pursuant to NYLL § 198, all in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(New York Labor Law § 196-d – Misappropriation of Gratuities)**

82. Plaintiff realleges and incorporates by reference all previous allegations as though fully set forth herein.

83. NYLL § 196-d prohibits an employer or its agent from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee.

84. Defendants violated NYLL § 196-d by taking the gratuities that customers threw to Plaintiff that landed on the floor, and diverting those gratuities to the Club's bartenders.

85. Defendants' violations of NYLL § 196-d were willful.

86. Due to Defendants' violations of NYLL § 196-d, Plaintiff is entitled to recover from Defendants, jointly and severally, the full amount of the misappropriated gratuities, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest pursuant to NYLL § 198, all in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

A. declaring that Defendants violated the minimum wage provisions of the FLSA and the supporting United States Department of Labor Regulations;

B. declaring that Defendants violated the minimum wage provisions of the NYLL and the supporting New York State Department of Labor Regulations;

C. declaring that Defendants violated NYLL §§ 195(1) and 195(3) of the Wage Theft Prevention Act;

D. declaring that Defendants violated NYLL § 193 by making unlawful deductions from Plaintiff's wages;

E. declaring that Defendants violated NYLL § 196-d by misappropriating Plaintiff's gratuities;

F. declaring that Defendants' violations of the FLSA and the NYLL were willful;

G. awarding Plaintiff damages for all unpaid minimum wages under the FLSA and the NYLL;

H. awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and/or the NYLL;

I. awarding Plaintiff damages for all unlawful deductions from wages, plus liquidated damages, pursuant to the NYLL;

J. awarding Plaintiff the full amount of her misappropriated gratuities, plus liquidated damages, pursuant to the NYLL;

K. awarding Plaintiff statutory damages of up to $5,000 pursuant to NYLL § 198(1-b);

L. awarding Plaintiff statutory damages of up to $5,000 pursuant to NYLL § 198(1-d);

M. issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, NYLL Article 6, § 190 *et seq.*, NYLL Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

N. granting an injunction requiring Defendants to pay all statutorily required wages and to cease the unlawful practices described in this Complaint, pursuant to the NYLL;

O. awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

P. awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

Q. awarding such other and further relief as the Court deems just and proper.

Dated: Jericho, New York
October 28, 2026

RAYMOND NARDO, P.C.
*Counsel for Plaintiff*

By: RAYMOND NARDO
Raymond Nardo, Esq.
55 Jericho Turnpike, Suite 205
Jericho, NY 11753
(516) 248-2121
Nardo@Raynardo.com